A. Eric Bjorgum (State Bar No. 198392)
KARISH & BJORGUM, PC
510 W. 6th St., Suite 308
Los Angeles, California 90014
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb –ip.com

Attorneys for Defendant
DEEP DISH PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROHITS, INC. a California corporation, and RONALD MAGNESS, an individual,<br><br>         Plaintiffs,<br><br>    v.<br><br>DEEP DISH PRODUCTIONS, INC., a Delaware corporation; SONY MUSC ENTERTAINEMENT, a Delaware corporation; THRIVE RECORDS, LLC, a California limited liability company; EMI MUSIC, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.  CV10-0036 PA (Ex)<br><br>**DEFENDANT DEEP DISH ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR DISMISSAL WITHOUT PREJUDICE** |

1

**Preliminary Statement and Facts**

Defendant Deep Dish Productions, Inc. ("Deep Dish") hereby opposes the *ex parte* application of Plaintiffs seeking an order dismissing this case without prejudice. As an initial matter, Deep Dish notes that this application is not in accordance with the Court's order, which – in lieu of a judgment against them – allowed Plaintiffs to bring a motion to dismiss. In no way did the Court suggest that Plaintiffs should file an *ex parte* application, giving Deep Dish less than 24 hours to respond. The Court should simply strike the application and enter judgment on this ground alone.

On the merits, as this Court knows, this case was set for trial in early December, 2010. However, at the Final Pretrial Conference, it became clear that there was a strong likelihood that Plaintiffs did not even have standing to bring this case. Standing is a basic Constitutional requirement for filing a complaint. Defendant Deep Dish had been concerned about standing since receiving Plaintiff's "initial" disclosures in August, 2010 and had indeed filed a motion for summary judgment on this ground. Inexplicably, Plaintiff never offered any argument or conducted any investigation on the issue of standing. Instead, Plaintiffs left that work up to Deep Dish.

Thus, Plaintiffs did not oppose the motion for summary judgment, but rather stated that they had an opposition that they would not file because the motion was untimely. Then at the Final Pretrial Conference, Plaintiffs dodged the Court's straightforward request for case law supporting Plaintiffs' claim for standing, waiting instead to see the results of Deep Dish's subpoena to Paramount Pictures. Oddly, Plaintiffs did not themselves subpoena this license, though they had the same subpoena power as Deep Dish. Moreover, given that Plaintiff Magness is a party to the contract with Paramount, Plaintiff could easily have requested a copy of the contract from Paramount without a subpoena before filing the Complaint.

1  When the license from Paramount was eventually obtained, it became clear within
2  a matter of minutes that this case should never have been brought.
3       So while Plaintiffs ask that this Court to dismiss this case without prejudice
4  and take into account their "good faith" in working with Deep Dish and the Court
5  once the "error" was discovered (less than a month before trial), Deep Dish
6  submits that without its counsels' diligence and determination to get to the bottom
7  of the licensing and standing issues, this case may be heading to trial with no real
8  Plaintiff.  When this issue first arose, Plaintiffs should have done everything in
9  their power to make sure they were not wasting the Court's time.  Instead, they
10 relied on procedure and did not put forth any substantive legal argument.
11 Meanwhile, counsel for Deep Dish prepared all of its pretrial papers and took the
12 deposition of Plaintiff Ronald Magness, who was finally made available the day
13 before the Final Pretrial Conference.  Before then, Magness never submitted a
14 declaration or anything else to explain the standing issue.
15      Plaintiffs counsel had reason to know that Plaintiffs standing was
16 questionable and probably non-existent months before Deep Dish filed its motion
17 for summary judgment. On May 17, 2010, Plaintiffs counsel communicated to the
18 Copyright Office in writing that the sound recording for which copyright
19 registration was requested is "not the condensed version in the motion picture."
20 (See Bjorgum Dec. in Support of Motion for Summary Judgment, Dkt. No. 33-1,
21 Exh. B.) Clearly even at that early stage, Plaintiffs counsel was aware that Plaintiff
22 did not own or control the sound recording featured on the soundtrack album
23 "Flashdance"; why else would counsel for Plaintiff not seek copyright registration
24 of both "versions" of this sound recording.  For Plaintiff to claim that it had acted
25 in good faith and proceeded with filing Plaintiffs Complaint in reasonable reliance
26 on the recollection and verbal statements of Ronald Magness but in the absence of
27 any written document to establish ownership of the sound recording featured on
28 the soundtrack album "Flashdance" is disingenuous. Clearly Plaintiffs and

Plaintiffs counsel were aware that two different sound recordings were at issue. Nonetheless, Plaintiffs did not provide Deep Dish with a copy of the recording actually deposited by Plaintiffs with the Copyright Office until after the deadline for all discovery and filing all motions. To claim this conduct constitutes acting in "good faith" is more than a stretch.

In short, Plaintiffs have been dishonest at worst and lazy at best. Deep Dish, defending a suit from Washington, D.C., should not be forced to bear the risk of another suit or the cost of Plaintiffs' wasteful use of the litigation process.

### Standard

In deciding whether to grant a motion for voluntary dismissal under Fed.R.Civ.P. 41, the Court must exercise its discretion in making three separate determinations: (i) whether to allow dismissal at all; (ii) whether the dismissal should be with or without prejudice; and (ii) what "terms and conditions," if any, should be imposed. *Spencer v. Moore Business Forms, Inc.*, 87 FRD 118, 119 (N.D. Ga. 1980); Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial, 16-G.

### Argument

**I. Plaintiffs Have Not Brought A Proper *Ex Parte* Application**

Under Local Rule 7-19, an *ex parte* application must be filed with a declaration setting forth attempts to contact opposing counsel and opposing counsel's position on the *ex parte*. Plaintiffs did not file such a declaration, nor did they contact Deep Dish's counsel. Further, there is no need for an *ex parte* application here. The Court stated that when Plaintiffs filed their motion, all dates would be vacated. Therefore, all Plaintiffs had to do was file a motion and any exigent circumstances would have vanished.

Deep Dish intended to respond to this motion with a very detailed legal memorandum. Instead, it has been forced to respond in less than twenty four hours.

For these reasons alone, the Court should stick with its initial idea and enter judgment in favor of Defendant. Plaintiffs have had their chance. Deep Dish would then file a motion for fees and costs under the timetable provided by the Local Rules.

## II. If The Court Considers The Merits, It Should Deny This Application, Dismiss The Case With Prejudice And Enter Judgment In Favor Of Deep Dish

### A. Plaintiffs Failed To Meet The Basic Threshold Requirement of Standing, Leaving It Up to Defendant To Prove that Plaintiffs Had No Standing

Plaintiffs should not be allowed to file this case again, *i.e.,* any dismissal should be with prejudice. Defendant has been concerned with standing since receipt of Plaintiff's "initial" disclosures in August, 2010. (See Bjorgum Decl. In Support of Motion for Summary Judgment, Dkt. No. 33-1, Exh. E ). At that time, Plaintiffs should have done everything in their power to clear up this issue. Instead, they did not even respond substantively to Defendant's motion for summary judgment.

As shown in Deep Dish's motion for summary judgment, the copyright application in this case was filed only after litigation began, and the registration was granted only after *trial counsel* for Plaintiffs certified that the recording deposited with the Copyright Office was not the recording that appeared in the soundtrack to the film "Flashdance."

Deep Dish then began pushing for a copy of the recording deposited with the Copyright Office. That recording arrived only after the last day to file motions. In the meantime, Deep Dish had filed its motion for summary judgment. The Court eventually denied the motion as untimely, but at the Final Pretrial Conference, the Court made it clear that it was very familiar with the arguments therein.

5

After counsel for Deep Dish went to the trouble to subpoena the license from Paramount, Plaintiffs knew there was no way to go forward and decided to dismiss this case. Plaintiffs reached this conclusion only after the case had been fully worked up for trial. Plaintiffs submitted no argument on standing – despite opportunities to oppose the summary judgment motion and inform the Court at the Final Pretrial Conference. Instead, Plaintiffs left the work up to Defendant. Yet standing is not Defendant's problem. It is a threshold issue that Plaintiffs should have locked up before filing the case – and certainly long, long before the Final Pretrial Conference. *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 689 (9th Cir. 2010) ("To establish Article III standing, a plaintiff must show that 'it has suffered an 'injury in fact'"). Indeed, here, Defendant filed a motion on this point, and Plaintiffs did not respond.

B.      Plaintiffs' Application Misstates The Fact Of This Case.

To add insult to injury, Plaintiffs' application contains complete fabrications and assertions that this case could be brought again without prejudice. The application states, at pages 3 - 4:

> In this case, there is no dispute that Plaintiffs cannot prove copyright ownership without a writing, **but there is ample expert opinion proof that Defendants in fact both used the actual sound recording in their song and created a derivative work with permission from the copyright holder, Polygram Records (now owned by Universal Music Group).** No prejudice will result from the dismissal without prejudice and it should be granted forthwith.

(Emphasis added.)

In fact, there is no evidence that Deep Dish created a derivative work of a sound recording with permission from Polygram Records. To the contrary, Deep Dish has provided ample evidence that all portions of the sound recording were re-

6

recorded by studio musicians hired by Deep Dish.  Deep Dish arranged to obtain a mechanical license for use of the underlying composition as Plaintiff has acknowledged, but there was no license for use of the sound recording with Polygram Records because no such license was required for a new recording.  Further, there was no expert opinion that Plaintiffs' sound recording was copied. **Plaintiffs spent substantial sums on expert reports analyzing the soundtrack recording, not the recording they deposited with the Copyright Office**. Moreover, the expert reports submitted by Plaintiffs are rebutted by the expert reports submitted by Defendants which conclude the opposite.

      Indeed, it is beyond the pale for Plaintiffs to suggest that – with a track record of pushing a case to the verge of trial in which they had no standing – there would be no prejudice to Deep Dish if they filed this case again.  Logically, it is impossible for Plaintiffs to bring this can anyway because they have no standing.  The notion of a dismissal without prejudice is hard to even comprehend.

      C.    <u>If The Court Is Not Inclined To Dismiss With Prejudice, It Should Deny Plaintiffs' Motion and Simply Enter Judgment For Defendant</u>

      The Court should not condone the behavior of a party that wastes its time, and then wants to keep the door open for another bite at the apple.  If the Court does not wish to dismiss this case with prejudice, it should simply keep the case going.  Somewhat paradoxically, that will mean the Court has no jurisdiction, and it will have to grant judgment for lack of standing.  Again, Plaintiffs have had their chance to brief this issue.  Further, a judgment may have some preclusive effect in Britain, where Plaintiffs may file this case again.

D. <u>If The Court Does Grant Plaintiffs' Motion To Dismiss Without Prejudice, It Should Maintain Allow Deep Dish To Submit The Appropriate Briefs To Obtain All Of Its Fees and Costs</u>

Normally, only certain fees are recoverable if a motion to dismiss is granted without prejudice. However, here, fees are independently available under the Copyright Act. Further, a voluntary dismissal does not deprive the Court of jurisdiction to hear a motion for a Rule 11 violation. <u>California Practice Guide</u>, ¶ 16:394. Deep Dish requests that it be allowed to file any and all motions necessary to obtain full relief for having to bring this case all the way to the verge of trial, only to learn that Plaintiffs had no standing to act.

## Conclusion

For the foregoing reasons, Plaintiffs' application should be denied. The Court should simply enter judgment on behalf of Defendant and allow Defendant to submit its brief on fees.

DATED: November 16, 2010                **KARISH & BJORGUM, PC**

By: /s/_____
A. Eric Bjorgum
Attorneys for Defendant
DEEP DISH PRODUCTIONS. INC.