UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Leandra Amber | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS -- COURT ORDER

Before the Court is a motion for attorneys' fees filed by defendant Deep Dish Productions, Inc. ("Defendant"). (Docket No. 74.) Also before the Court is a "Notice of Withdrawal of Motion to Dismiss without Prejudice," filed by plaintiff Microhits, Inc. (Docket No. 100.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters are appropriate for decision without oral argument.

**I.     Background**

Plaintiffs filed this action for copyright infringement on January 5, 2010, alleging that they owned 100% of the copyright in the sound recording of the song, "He's a Dream." Plaintiffs further alleged that Defendant infringed on this copyright by recording a song in 2005 that contained material sampled from "He's a Dream." Four weeks before the case was scheduled to go to trial, Defendant received a document from Paramount Pictures establishing that Plaintiffs had transferred, rather than licensed, their rights in "He's a Dream," and therefore did not have standing to pursue their claim of copyright infringement. Plaintiffs then filed an Ex Parte Application to Dismiss Without Prejudice. After the parties submitted briefing on the issue, the Court dismissed Plaintiffs' copyright infringement claim with prejudice for lack of standing.

Several months later, Plaintiff Microhits, Inc. filed a Request to Substitute Attorney, which the Court granted.[1] Plaintiff Microhits, Inc. then filed a "Notice of Withdrawal of Motion to Dismiss without Prejudice," asserting that it should have been expressly provided with the opportunity to withdraw its Application to Dismiss the Case because the Court intended to dismiss the case with prejudice. The Court set a briefing schedule in which it gave Defendant the opportunity to respond to Microhits' "Notice of Withdrawal." Defendant is simultaneously moving for an award of attorneys' fees under the Copyright Act, 17 U.S.C. § 505.

---

[1]     Plaintiffs Microhits and Ronald Magness had previously been represented by the same attorney.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

**II. Withdrawal of the Ex Parte Application for Voluntary Dismissal**

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Thus, where a court grants a voluntary dismissal subject to certain conditions, "the voluntary dismissal cannot take effect until a court order has been entered *and* the terms and conditions imposed by the court are complied with." Lau v. Glendora Unified School Dist., 792 F.2d 929, 930 (9th Cir. 1986) (emphasis in original). A plaintiff who moves to voluntarily dismiss an action may withdraw that motion if he does not want the dismissal to be conditional. Id. at 932.

For example, in Lau, the plaintiff moved to dismiss an action without prejudice. Id. The court granted the plaintiff's motion, but also assessed attorneys' fees, which the plaintiff appealed. Id. The Ninth Circuit vacated the district court's judgment and remanded the case with the instruction that the district court issue a new ruling on the motion for a voluntary dismissal and provide the plaintiff with "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions." Id. at 932. The court specifically noted that it had not "previously held that such an option must be afforded to a plaintiff when a district court seeks to impose terms or conditions upon a voluntary dismissal." Id. at 931.

After Lau, the Ninth Circuit held in Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 555 (9th Cir. 1986), that "a plaintiff who knows or has reason to know that he may withdraw his motion for dismissal will be deemed to have consented to the conditions attached to the voluntary dismissal unless he withdraws his motion within a reasonable time." In Unioil, the court found that the plaintiffs "were plainly aware of their option to withdraw the motion for voluntary dismissal" because "they explicitly spelled out this option" in a "reply memorandum opposing defendants' request for rule 41(a)(2) conditions." Id.

Subsequently, in Beard v. Sheet Metal Workers Union, 908 F.2d 474, 476 (9th Cir. 1990), the Ninth Circuit considered whether a plaintiff should have known that he had the option of withdrawing his motion for voluntary dismissal in lieu of accepting a dismissal on the condition that he pay the costs and fees. The court concluded the plaintiff in Beard should have known of the option to withdraw because at the time the motion was brought, Lau and Unioil were settled law in the Ninth Circuit, and the plaintiff had at all times been represented by counsel. Id. at 477.

Here, Microhits relies on Lau and Unioil in support of its position that the Court should have "expressly" provided Plaintiffs with an opportunity to withdraw their motion for voluntary dismissal after it issued its order dismissing this action with prejudice. Although Microhits discusses Beard, it does not distinguish Beard from the facts of this case. Rather, Microhits cites to case law from other circuits requiring that plaintiffs be given notice of the court's intention to dismiss with prejudice.

The Court finds that Microhits' argument is without merit. Like the plaintiff in Beard, Microhits has always been represented by counsel and therefore should have known that it had the option to withdraw its motion for dismissal when the Court informed the parties that it was considering dismissing this action with prejudice. Further, the Court held a telephonic status conference with the parties, during

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|

| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |
|---|---|---|---|

which it raised the issue of dismissal with prejudice, and gave Plaintiffs the opportunity to further brief why the action should be dismissed without prejudice, rather than with prejudice. (Docket No. 61.) Microhits was thus aware at that time, if not earlier, that the Court was considering dismissing this action with prejudice. Indeed, Plaintiffs argued in their Reply to the motion for voluntary dismissal that "if this case is dismissed with prejudice, the Court should specify in its order that the dismissal was entered only because Plaintiffs could not prove standing." (Docket No. 68, p. 4.) Given that Beard is settled law in the Ninth Circuit, Microhits should also have known that it had the option of withdrawing its motion for voluntary dismissal if it did not wish to have the action dismissed with prejudice. Accordingly, the Court finds that Microhits' "Notice of Withdrawal" is improper and untimely.

**III.  Motion for Attorneys' Fees Award Under 17 U.S.C. § 505**

   A.  Standard

Under the Copyright Act of 1976, a district court has the discretion to award "a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. "District courts have two tasks in applying § 505: first, deciding whether an award of attorneys' fees is appropriate and, second, calculating the amount of the award." Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009).

The propriety of issuing an attorneys' fees award first turns on whether the requesting party in fact prevailed on the copyright claim; a district court's discretion to award attorneys' fees under the Copyright Act is only triggered once there is a "prevailing" party. Id. To be a "prevailing" party, a litigant must obtain a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). A dismissal with prejudice constitutes such a "material alteration." See e.g., Cadkin, 569 F.3d at 1150 ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."); Riviera Distribs., Inc. v. Jones, 517 F.3d 926, 928 (7th Cir. 2008) (holding voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants).

Next, the Court must determine whether it should exercise its discretion to grant an award of attorneys' fees to the prevailing party. No precise formula governs the exercise of this discretion. However, the Supreme Court has approved a nonexclusive list of factors, which includes "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986). In applying these factors, the court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Id.

Once the court decides to exercise its discretion to grant an award of attorneys' fees, it must also determine the amount of a reasonable award. Ordinarily, this figure is determined by calculating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

lodestar amount -- the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). A reasonable hourly rate is determined based on: (1) the experience, skill, and reputation of the applicant; (2) the prevailing rate in the community for comparable attorneys; and (3) the novelty or difficulty of the issues presented. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007); Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986). Once the lodestar is determined, it may then be adjusted upward or downward with a multiplier to account for any relevant factors not subsumed in the initial lodestar calculation. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

      B.    Analysis

Defendant asserts that it should be awarded a total of $88,455.50 in attorneys' fees. After examining the briefs submitted by the parties, the Court finds that an award of attorneys' fees should be made, given the particular facts of this case. However, as explained below, Defendant has failed to provide the Court with sufficient evidence to support an award in the amount of $88,455.50.

      i.    An award of fees under the Copyright Act is warranted

As an initial matter, the Court concludes that Defendant was a "prevailing" party under 17 U.S.C. § 505. The Court dismissed Plaintiffs' copyright infringement claim with prejudice after concluding that Plaintiffs had engaged in lack of diligence and excessive delay. Consistent with its order dismissing Plaintiffs' claim with prejudice, the Court also entered a judgment in Defendant's favor. Thus, because Defendant can no longer be sued by Plaintiffs for the same cause of action, there has been a "material alteration of the legal relationship" between them.

In determining whether an award of attorneys' fees under the Copyright Act would be appropriate, the Court must consider several factors, including: (1) the purposes of the Copyright Act; (2) the degree of success obtained; (3) the objective unreasonableness of factual and legal issues; (4) the plaintiff's motivation in alleging the copyright claims; and (5) the need to advance the considerations of compensation and deterrence. Fantasy, Inc. v. Fogerty, 94 F.3d 553, 557 n.2 (9th Cir. 1996).

First, the Ninth Circuit has acknowledged that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," given that a successful defense may enlarge the public domain and increase the likelihood of further creativity. Id. at 559. Here, Plaintiff Microhits argues that an award of attorneys' fees would be contrary to the purposes of the Copyright Act because Defendant "was a willful infringer of the [sound recording], 'He's a Dream.'"[2/] (Opp. at 10.) However, Microhits

---

[2/]    Plaintiff Microhits now contends that it has standing to bring its copyright claim against Defendant, despite its previous representation to the Court that it did not have such standing. Given that the Court has already granted Microhits' motion for voluntary dismissal, it is now too late for Microhits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

previously informed the Court that "Ronald Magness signed a transfer of copyright rather than a license." (Docket No. 62.) As such, the Court never reached the issue of whether Defendant actually infringed upon any sound recording. Further, Plaintiffs' own admissions establish that they do not have standing to challenge whether Defendant was, in fact, a willful infringer. Given that actions for copyright infringement should be discouraged when brought by plaintiffs without standing to bring such claims, the Court finds that the purposes of the Copyright Act militate in favor of granting an award for attorneys' fees.

Second, Defendant obtained the highest degree of success when the Court dismissed this action with prejudice. Because Plaintiffs are no longer able to assert a claim for copyright infringement against Defendant for the sound recording at issue in this case, this factor also supports granting an award for attorneys' fees.

Third, Plaintiffs' claim was objectively unreasonable. The objective unreasonableness of a party's claims is measured by "both [] the factual and [] legal components of the case." See, e.g., Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir. 2007). Here, Plaintiffs blindly alleged in the Complaint that they owned "100% of the copyright in the sound recording of . . . 'He's a Dream'" (FAC at ¶ 9), without first checking to ensure that they had the requisite standing to bring their claim. Notably, Plaintiffs did not discover that they lacked standing until Defendant subpoenaed the document evidencing the copyright transfer. As such, Plaintiffs' lack of diligence resulted in prolonged litigation over a claim that was without merit. Further, Plaintiffs do not seem to dispute that their claim was objectively unreasonable, given that they voluntarily dismissed this action after discovering that they did not actually own the copyright at issue. Thus, this factor also militates in favor of granting an award for attorneys' fees.

Fourth, Plaintiffs' motivation in alleging the copyright claim against Defendant is questionable, given their lack of investigation into the issue of standing before initiating this action. Where the motivation in bringing a claim is to secure benefits other than merely redressing grievances, this factor weighs in favor of granting an award for attorneys' fees. See, e.g., Maljack Prods. v. Goodtimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996) (affirming award of attorneys' fees where evidence showed that plaintiff has brought lawsuit to "secure a competitive advantage in the market"). Here, Plaintiffs were not diligent in procuring the evidence needed to establish their standing to bring this action. However, because there is no conclusive evidence of Plaintiffs' motivation, this factor only weighs mildly in favor of granting an award for attorneys' fees.

---

to change its position. Plaintiffs should have investigated the issue of standing before bringing this action. At the very latest, Microhits should have raised its current arguments regarding standing when this Court indicated that the action might be dismissed with prejudice. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (finding that where party simply inadvertently fails to raise arguments on earlier motion, those arguments are deemed waived).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

Finally, with regard to the need to advance the considerations of compensation and deterrence, the Court finds that compensation is warranted, given that Defendant was required to defend itself against a claim that was objectively unreasonable. Given the circumstances, a fee award would also aid in deterring other potential plaintiffs from prematurely attempting to prosecute a claim for infringement before confirming ownership of the copyright. Accordingly, this factor, like the other factors discussed above, weighs in favor of granting an award of attorneys' fees.

    ii.  The evidence submitted by Defendant does not fully support the amount of the award requested

The Court finds that Defendant's request for $88,455.50 in fees is not supported by the evidence.

A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11, 104 S. Ct. at 1547).

Here, counsel has billed rates of $295 per hour and $350 per hour, and their staff has billed rates of $75 per hour and $90 per hour. Based on the experience of counsel, the Court finds that their hourly rates are reasonable. However, counsel claims that they and their staff spent a total of 251.6 hours defending this case. These numbers are not supported by the record before the Court.

In determining the lodestar amount, the burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Van Gerwen v. Guarantee Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434, 103 S. Ct. at 1940–41). Additionally, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not reasonably expended." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001) (internal quotation marks and citation omitted).

Defendant requests an award of fees for hours billed by: attorneys Eric Bjorgum and Marc Karish from the firm Karish & Bjorgum PC; Rheanna Hafner, a paralegal at Karish & Bjorgum PC; Kurosh Nasseri, Defendant's counsel based in Washington D.C.; and "Nasseri staff." (Motion at 12.) Defendant has submitted billing records for all of these individuals except for the "Nasseri staff."

Given the absence of any supporting evidence for the reasonableness of the hours billed by the "staff," the Court denies the requested $450 for these hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

The Court also finds that the hours billed by Kurosh Nasseri are not entirely supported by the evidence submitted. In Defendant's Motion, Defendant states that Mr. Nasseri "was key to the low cost and success of this case . . . because Nasseri was already aware of a similar situation in the U.K." (Motion at 11.) However, even assuming that Mr. Nasseri's familiarity with the "situation in the U.K." may have aided in the defense of this action, the hours that Mr. Nasseri spent on the U.K. action were not actually spent on this litigation, and therefore cannot form a basis for an award of attorneys' fees here. In particular, Mr. Nasseri's billing records include 5.67 hours of entries for work performed in late 2009, even though this action was not filed until January 5, 2010. Also, Mr. Nasseri's billing records include 6.69 hours of entries which refer to the "UK claim," the "UK action," "UK counsel," "UK law," and "PPL registration." However, Defendant has not provided any explanation that would justify the award of fees here for hours that were seemingly expended on the defense of the "UK action." As such, the Court declines to award these fees.

Additionally, Mr. Nasseri's billing records include a number of items that either do not appear to have contributed to the defense of this case, or are otherwise vague. These entries, which total 16.35 hours, include: entries relating to the attempted retention of different lawyers, entries relating to Defendant's attempt to seek indemnity from others, and entries referring to a "training wheel issue," "studio reconfiguration issues," a "Red" release, and "a "promo amendment." Mr. Nasseri also claims to have spent an additional 17 hours on the current Motion and Microhits' attempt to withdraw its voluntary dismissal. However, Mr. Nasseri has not provided any billing records to support this request. Thus, because there is insufficient evidence upon which the Court may determine the reasonableness of these fees, they are denied. Based on the evidence submitted, the Court awards Defendant attorneys' fees for Mr. Nasseri in the amount of $32,427.50.

The hours billed by the firm Karish & Bjorgum PC are similarly not fully supported by the billing records provided. Although Defendant states in its Motion that Marc Karish and Rheanna Haffner had billed $1,386.50 and $1,683.00, respectively, at the time the Motion was filed, the billing records submitted to the Court reflect that Marc Karish only billed $914.50, and that Rheanna Haffner billed $1,485.00. The reason for the difference in these numbers is unclear. However, because the Court must award fees based on the evidence provided, it will use the latter figures in determining the appropriate amount of an attorneys' fees award.

The Court also finds that several of Mr. Bjorgum's entries are unsupported or unreasonable. First, there are 0.4 hours in entries that do not appear to have contributed to the defense of this case. Both Mr. Bjorgum and Mr. Karish appear to have spent time reviewing an indemnity letter, reviewing a stipulation dismissing Sony, and participating in a status conference regarding Sony. Given that Sony was a co-defendant, it is not clear how these tasks would have contributed to the defense of this case.

Second, Mr. Bjorgum's billing records contain entries for 0.7 hours spent on "[r]eview[ing] calendar and applicable dates" and 1.7 hours spent on calls with Defendant and the expert. The Court finds these entries unreasonable, given the length of time spent on the tasks described.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

Third, several of Mr. Bjorgum's entries seem to be duplicative of work performed by others. Both Mr. Bjorgum and Mr. Karish appear to have reviewed and forwarded the same expert report to Plaintiffs' counsel; both seem to have "prepared" and "drafted" responses to the same interrogatories; and Mr. Karish billed 0.2 hours for "[p]repar[ing] reply brief re: summary judgment," even though Mr. Bjorgum later "[d]raft[ed]" the same reply. Also, Mr. Bjorgum and his paralegal seem to have spent 0.4 hours on the same day reviewing and serving the same expert report.

Fourth, several of Mr. Bjorgum's entries are vague. For example, one entry states that Mr. Borghum "review[ed] file" for 0.5 hours, and another states that he drafted a meet and confer letter and then conducted legal research "re same." Mr. Bjorgum also billed 1.7 hours for "[p]repar[ing] summary judgment papers" several days after already drafting, reviewing and revising the same motion for summary judgment.

Fifth, Mr. Bjorgum's billing records include two very similar entries – one for 6 hours, and the other for 5 hours – for preparing the pretrial conference order and reviewing and revising the exhibit list, contentions of fact and law, and witness list. The Court declines to award fees for the latter of the two entries, given their extreme similarity and counsel's failure to separate the tasks contained therein.

Finally, Defendant requests fees for a billing entry made by Rheanna Hafner for 1.6 hours spent on preparing notices of errata. However, these notices were the result of counsel's own mistakes and, as such, did not contribute to Defendant's success. Thus, the Court declines to award these requested fees. Taking the above deductions of $4,008.50 into account, the Court finds that Defendant should be awarded reasonable fees in the amount of $36,987.00 for work performed by Karish & Bjorgum in this action.

With regard to Defendant's request for $6,602.27 in expert fees, the Court finds that there is insufficient evidence upon which it may grant this request. Although Defendant correctly asserts that section 505 of the Copyright Act provides for the recovery of "full costs," and therefore permits the award of otherwise non-taxable costs, Defendant has not submitted any billing records to support its request for these fees. Defendant's submission of the expert report alone is not sufficient, as it does not provide any information regarding the expert's billing rate or the amount of time spent preparing the report. Thus, because the Court cannot determine the reasonableness of the expert fees based on the evidence submitted, Defendant's request is denied.

## Conclusion

For the reasons set forth above, Defendant's Motion for Attorneys' Fees is granted in part and denied in part. Defendant is hereby awarded attorneys' fees in the amount of $69,414.50. Defendant's request for reimbursement of its expert fees is denied.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-36 PA (Ex) | Date | August 8, 2011 |
|---|---|---|---|
| Title | Microhits, Inc., et al. v. Deep Dish Productions, Inc., et al. | | |

  Plaintiff Microhits' Request to Strike portions of Defendant's Reply in support of its Motion for Attorneys' Fees is denied. (Docket No. 102.) With respect to Mr. Nasseri's declaration, a notice of errata was subsequently filed which included the exhibit that was previously missing. Additionally, because the Court did not rely upon Exhibits C, D or E of Mr. Bjorgum's declaration, Plaintiff's Request to Strike those exhibits is denied as moot.

  IT IS SO ORDERED.